**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United Healthcare Services Incorporated, et al.,<br>Plaintiffs,<br>v.<br>Radiology Partners Incorporated, et al.,<br>Defendants. | No. CV-25-02862-PHX-GMS<br>**ORDER** |

Pending before the Court are Radiology Partners, Inc. and Sonoran Radiology, Ltd.'s Motion to Dismiss (Doc. 26) and Motion to Strike Plaintiffs' Response to Defendants' Notice of Supplemental Authority (Doc. 38). For the following reasons, the Court grants the Motion to Strike (Doc. 38). The Court takes the other pending motion—Radiology Partners, Inc. and Sonoran Radiology, Ltd.'s Motion to Dismiss (Doc. 26)—under advisement.

**BACKGROUND**

Plaintiffs are three corporations that provide health insurance services to consumers. (Doc. 1 at 5–6). United HealthCare Services, Inc. is a Minnesota corporation and claim administrator, UnitedHealthcare Insurance Company is a Connecticut corporation that insures and administers health plans, and UMR, Inc. is a Delaware corporation and third-party claims administrator (collectively, "Plaintiffs"). (*Id.*). Defendants own and manage radiology practices. (*Id.* at 16–19). Radiology Partners, Inc. is a Delaware corporation,

and Sonoran Radiology, Ltd. is an Arizona corporation (collectively, "Defendants"). (*Id.* at 6).

At issue for the purposes of this order are Defendants' Notice of Supplemental Authority (Doc. 36) and Plaintiffs' Response (Doc. 37). Defendants filed a Notice of Supplemental Authority regarding *Anthem Blue Cross Life and Health Insurance Company v. HaloMD LLC*, No. 8:25-cv-01467, 2026 WL 982629 (C.D. Cal. Apr. 9, 2026). (Doc. 36). Plaintiffs filed a Response. (Doc. 37). Defendants then moved to strike the Response pursuant to Local Rule 7.2(m), or, in the alternative, sought leave to file a reply. (Doc. 38 at 4). Plaintiffs oppose the Motion to Strike, or, if the Motion is stricken, request that the Court disregard the portions of Defendants' notice that exceed the scope of a notice of supplemental authority. (Doc. 39 at 4). Defendants also filed a Reply in support of their Motion. (Doc. 40).

## DISCUSSION

### I. Legal Standard

Local Rule 7.2(m) permits a party to file a motion to strike "only if it is authorized. . ., or if it seeks to strike any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order." LRCiv 7.2(m)(1).

"There is no local rule or Federal Rule of Civil Procedure governing a Notice of Supplemental Authority" or a response to such a notice. *See Vega v. All My Sons Bus. Dev. LLC*, 583 F.Supp.3d 1244, 1256 (D. Ariz. 2022). Nonetheless, courts in this district have found that a notice of supplemental authority should be limited to informing the Court of a newly decided case. *See, e.g.*, *id.*; *Doe v. Blue Cross Blue Shield of Illinois*, 492 F.Supp.3d 970, 980 (D. Ariz. 2020). It is improper to include new arguments or factual evidence. *Vega*, 583 F.Supp.3d at 1256.

### II. Analysis

Defendants' Notice of Supplemental Authority does not exceed the scope of a proper notice because it does not contain improper argument. (Doc. 36). Instead, it summarizes *Anthem Blue Cross* and includes a paragraph identifying the relevance to the action at hand.

(*Id.*). "Although it would have been simpler if [Defendants] had submitted nothing more than a citation," the summary and explanation of the relevance of the case do not exceed the bounds of a proper notice of supplemental authority. *See Vega*, 583 F.Supp.3d at 1256.

Plaintiffs read the summary of the holding to raise a new argument regarding the NSA's limitations on judicial review. (Doc. 37 at 2). The Court, however, construes that paragraph as a summary of the *Anthem Blue Cross* court's holding about judicial review. (*Id.*). Nonetheless, to the extent that any portion of the Notice may raise any new factual or legal arguments, those arguments will be disregarded.

Plaintiffs' Response, however, exceeds the proper scope of a notice of supplemental authority. The Response contains new arguments regarding statutory limits on judicial review and Defendants' purported waiver of those arguments. (Doc. 37 at 2). Furthermore, the Response improperly distinguishes *Anthem Blue Cross* by applying specific facts from this action. (*Id.* at 2–3); *Vega*, 583 F.Supp.3d at 1256–57 (rejecting a notice that overtly applied a new case to the facts of the instant case). Plaintiffs' citation to cases where courts have considered *proper* responses to notices of supplemental authority is unpersuasive because this Response improperly raised new arguments. (Doc. 39 at 4). Therefore, the Response is stricken.

## CONCLUSION

Defendants' Motion to Strike is granted because the Plaintiffs' Response improperly raised new arguments. As the Motion has been granted, Defendants do not have leave to file a reply addressing any arguments raised in the Response.

**IT IS ORDERED** that Defendants Radiology Partners, Inc. and Sonoran Radiology, Ltd.'s Motion to Strike (Doc. 38) is **GRANTED.**

Dated this 16th day of September, 2026.

G. Murray Snow
Senior United States District Judge